**MARCUS ZELMAN, LLC**
ATTORNEY & COUNSELLOR AT LAW
Tel: (732) 695-3282
Fax: (732) 298-6256
www.MarcusZelman.com

Ari H. Marcus, Esq.
Licensed to Practice in NJ & NY
Ari@MarcusZelman.com

Yitzchak Zelman, Esq.
Licensed to Practice in NJ & NY
Yzelman@MarcusZelman.com

**NEW JERSEY OFFICE**:
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712

**NEW YORK OFFICE**:
1 Deer Run Road
Pomona, New York 10970

*All Correspondences to NJ Office

November 2, 2022

The Honorable United States District Judge Analisa Torres
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312
*Via Email: Torres_NYSDChambers@nysd.uscourts.gov*

      **Re:**  **Christopher Loadholt v. Game Goblins, LLC**
         **Civil Case No.: 1:22-cv-07367-AT**

To the Honorable District Judge Torres,

  The undersigned represents the Plaintiff in the above referenced matter brought pursuant to the Americans with Disabilities Act (the ADA). Together with Defendant's counsel, we submit this joint letter, in accordance with the Court's Order issued on August 30, 2022. (ECF No. 7).

**(1) <u>A Brief Description of the Case, Including the Factual and Legal Basis for the Claims and Defenses</u>**

<u>Plaintiff</u>:

  This is a case brought under the Americans with Disabilities Act (the ADA). The Plaintiff experienced accessibility issues when navigating the Defendant's public website with the use of his screen-reading software and maintains that the Defendant's incompatibility with such aids renders it inaccessible to non-sighted individuals.

  Plaintiff seeks injunctive relief to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,* and the N.Y.C. Administrative Code § 8-107. Plaintiff further seeks injunctive relief requiring Defendant to take all the steps necessary to make its Website into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the Website is readily accessible to and usable by blind individuals. Plaintiff further seeks class certification, as well as attorneys fees and costs.

<u>Defendant</u>:

  Defendant's position is that Plaintiff is a serial ADA filer, suing companies *en masse* (at least 45 times for Plaintiff this year) for allegedly inaccessible websites with non-specific, boilerplate allegations. This case is no exception. Plaintiff's complaint provides no explanation as to what barriers were encountered or how those barriers impacted Plaintiff. Defendant contends that this — along with

the meager pleadings about Plaintiff's past and future use of the website — means that Plaintiff lacks standing to pursue his claims. In addition, the complaint asks for relief to which Plaintiff is not entitled, such as statutory damages, fines, and punitive damages.

On the merits, given his litigation history, Defendant believes it is unlikely that plaintiff is a *bona fide* plaintiff with standing to bring the claims asserted, doubts that he has suffered any actual damages, and further disputes that its website poses accessibility barriers as plaintiff alleges. As the Court is undoubtedly aware, the Department of Justice has not promulgated regulations governing accessibility for private websites, and therefore whether a site is accessible is an imprecise inquiry. (The WCAG guidelines referenced by Plaintiff in the complaint are merely private, non-binding guidelines.) However, without the benefit of any guidance from Plaintiff as to any issues he supposedly encountered, based on its own assessment, Defendant believes that the website is accessible.

Finally, although the case is filed as a putative class action, Defendant does not believe that there is any hope of Plaintiff's satisfying the Fed. R. Civ. P. 23 factors, as class membership would not be ascertainable, and Plaintiff could not establish an adequate damages model for his state law claims.

**(2) Contemplated Motions**

Plaintiff:   Plaintiff anticipates filing a motion for class certification, as well as a motion for summary judgment.

Defendant:   Defendant intends to file a motion to dismiss, will oppose any motion for class certification, and anticipates filing a motion for summary judgment.

**(3) Prospect for Settlement**

Unfortunately, the parties have not yet been able to reach an amicable resolution in this matter. The Parties will continue to work diligently to reach an amicable resolution of their dispute.

Respectfully submitted,

*/s/ Yitzchak Zelman, Esq.*
*Counsel for Plaintiff*