UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____           │
│ DATE FILED:  9/18/2023           │
└─────────────────────────────────┘
```

CHRISTOPHER LOADHOLT, on behalf of
himself and all others similarly situated,

                          Plaintiff,

          -against-                                    22 Civ. 7367 (AT)

GAME GOBLINS, LLC,                                     **ORDER**

                          Defendant.

ANALISA TORRES, District Judge:

Plaintiff, Christopher Loadholt, brings this action on behalf of himself and all others similarly situated against Defendant, Game Goblins, LLC, alleging that Defendant failed to make its website, www.gamegoblins.com, fully accessible to blind and visually-impaired people who use screen-reading software, in violation of Title III of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12101 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.* Am. Compl. ¶¶ 4–13, 45–65, ECF No. 17. Defendant moves to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(1) for lack of standing. ECF No. 21; *see* Def. Mem. at 1, ECF No. 22. For the reasons stated below, Defendant's motion is GRANTED.

## BACKGROUND[1]

Plaintiff is a "blind, visually impaired handicapped person" who lives in the Bronx. Am. Compl. ¶¶ 17–18. Defendant is an online retail company that offers products through its website and delivers such products to New York and across the United States. *Id.* ¶ 20. On its website, Defendant offers and sells board games. *Id.* ¶¶ 23, 29; *see also* Pl. Opp. at 1, ECF No. 23.

---

[1] In assessing a plaintiff's assertion of standing, courts "accept as true all material allegations of the complaint[] and . . . construe the complaint in favor of the complaining party." *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP,* 549 F.3d 100, 106 (2d Cir. 2008) (quotation marks omitted). In deciding a Rule 12(b)(1) motion, courts may also rely on evidence outside the complaint. *See Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000).

On June 18 and 25, 2022, and November 20, 2022, Plaintiff visited the website to "brows[e] the online store" and potentially purchase "board games so that he could host friends and play games with them."  *See* Am. Compl. ¶¶ 23, 30.  While attempting to navigate the website, Plaintiff encountered accessibility barriers, including:

- The dropdown menus . . . d[id] not work using a keyboard, which is the only way . . . Plaintiff is able to navigate the [w]ebsite [because] like most visually impaired individuals, he cannot use a mouse.

- Using the screen[-]reader software, Plaintiff was unable to access the submenus to be able to browse the products being offered for sale.

- Multiple links were labelled as 'blank' which made it impossible to successfully browse the items and categories on the website [because] Plaintiff had no idea which items he was looking at or where he was being directed to.

- The site was not optimized to provide information to the screen[-]reader, so even when . . . Plaintiff [tried] to click on an item for sale, he was unable to obtain any information [about it], including what item he was viewing or [its] price . . . .

- The checkout form fields [were] mislabeled, so Plaintiff [could not discern]—while using the screen reader—which information to input into which box. This [prevented] Plaintiff from checking out because the site would . . . provide an error warning that information was missing, but [did] not specify what that missing information was.

*Id.* ¶ 27; *see also id.* ¶¶ 24–26.  Plaintiff was, therefore, unable to browse the website or purchase the board games.  *Id.* ¶¶ 28, 32.  But, he "would still like to return to the [w]ebsite to browse and potentially purchase these products once the online store is made accessible to him, and intends to do so once the site is made accessible."  *Id.* ¶ 33.

On August 29, 2022, Plaintiff filed a complaint on behalf of himself and all others similarly situated, alleging that Defendant violated the ADA and the NYCHRL.  *See generally* ECF No. 1.  After Plaintiff filed an amended complaint, *see* Am. Compl., Defendant moved to dismiss it pursuant to Rule 12(b)(1) for lack of standing.  Def. Mem. at 1.  Specifically,

Defendant argues that Plaintiff fails to adequately allege an "injury in fact" as required for Article III standing.  *Id.* at 2.

## DISCUSSION

I.    Legal Standards

Article III of the Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'"  *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021).  "For there to be a case or controversy under Article III, the plaintiff must have a personal stake in the case—in other words, standing."  *Id.* (cleaned up).  At all stages of litigation, "the party invoking federal jurisdiction bears the burden of establishing the elements of Article III standing."  *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) (cleaned up).  To establish constitutional standing, a plaintiff must adequately allege: (1) a concrete, particularized, actual, or imminent injury-in-fact; (2) a causal connection between the injury and the conduct complained of such that the injury is fairly traceable to the challenged action of the defendant; and (3) the likelihood, as opposed to mere speculation, that the injury will be redressed by a favorable decision from the Court.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

A plaintiff bringing a claim pursuant to the ADA for injunctive relief, as is sought here, *see, e.g.*, Am. Compl. ¶¶ 3, 36, has standing to sue if "(1) the plaintiff allege[s] past injury under the ADA; (2) it [is] reasonable to infer that the discriminatory treatment [will] continue; and (3) it [is] reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of [defendant's business] to plaintiff's home, that plaintiff intend[s] to return to the subject location."  *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013).[2]

---

[2] Claims brought under the NYCHRL are subject to the same standing requirements as those brought under the ADA. *See Tucker v. Denny's Corp.*, No. 19 Civ. 9843, 2021 WL 4429220, at *2 (S.D.N.Y. Sept. 27, 2021) (citation omitted).

In the digital context, "the third requirement [for standing] can be met by non-conclusory, plausible factual allegations from which it is reasonable to infer, based on the past frequency of visits and the plaintiff's articulated interest in the products or services available on the particular website, that the plaintiff intends to return to the website." *Loadholt v. Dungarees, Inc.*, No. 22 Civ. 4699, 2023 WL 2024792, at *2 (S.D.N.Y. Feb. 15, 2023); *see Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443 (2d Cir. 2022).

In *Calcano v. Swarovski North America Ltd.*, the Second Circuit held that to satisfy the third prong, a plaintiff cannot merely "plead[] the magic words that [he] intends to return" but must plausibly allege "a real and immediate threat of future injury." 36 F.4th 68, 75 (2d Cir. 2022) (cleaned up); *see also Harty*, 28 F.4th at 443. Courts will "not credit a legal conclusion couched as a factual allegation or a naked assertion devoid of further factual enhancement." *Calcano*, 36 F.4th at 75 (quotation marks and citation omitted). Other courts in this district have concluded that the Second Circuit's recent decision in *Calcano* "raised the bar appreciably for adequately pleading standing to seek injunctive relief in ADA cases." *Loadholt*, 2023 WL 2024792, at *2 (quoting *Hennessy ex rel. Hennessy v. Poetica Coffee Inc.*, No. 21 Civ. 5063, 2022 WL 4095557, at *4 (E.D.N.Y. Sept. 7, 2022)).

## II.   Analysis

Here, Plaintiff's amended complaint contains bare, conclusory statements and lacks additional factual allegations that would allow the Court to infer that Plaintiff intends to return to Defendant's website. *See Kreisler*, 731 F.3d at 187–88; *Loadholt*, 2023 WL 2024792, at *2. Plaintiff alleges that he visited the website three times over a five-month period, to "brows[e] the online store" and "potentially mak[e] a purchase of some board games so that he could host friends and play games with them." Am. Compl. ¶ 23. He further claims that he "would still like to return to the [w]ebsite to browse and potentially purchase these products once the online

store is made accessible to him," *id.* ¶ 33, assertions similar to those in *Calcano*, which were rejected by the Second Circuit.  *See* 36 F.4th at 76–78.  Indeed, he does not explain what board games he is interested in, whether Defendant is the only retailer who sells those games, or why he will return to Defendant to purchase them as soon as the accessibility barriers are cured.  *See Jaquez v. Aqua Carpatica USA, Inc.*, No. 20 Civ. 8487, 2021 WL 3727094, at *4 (S.D.N.Y. Aug. 20, 2021); *Guglielmo v. Neb. Furniture Mart, Inc.,* No. 19 Civ. 11197, 2020 WL 7480619, at *4–5 (S.D.N.Y. Dec. 18, 2020).  Without additional factual details, Plaintiff fails to "nudge [his] claims across the line from conceivable to plausible," *Calcano*, 36 F.4th at 76 (cleaned up), and has not shown that he has suffered an injury that is "concrete and particularized," *Lujan*, 504 U.S. at 560.

Accordingly, Defendant's motion to dismiss Plaintiff's ADA and NYCHRL claims for lack of standing is GRANTED.[3]

### CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED, and Plaintiff's amended complaint is DISMISSED without prejudice.  The Clerk of Court is directed to terminate the motion at ECF No. 21.

SO ORDERED.

Dated: September 18, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[3] The Court also dismisses Plaintiff's request for declaratory judgment, Am. Compl. ¶¶ 66–68, because it "parallels [Plaintiff's] other claims and merely seeks a declaration of the same rights and obligations."  *Kleeberg v. Eber*, No. 16 Civ. 9517, 2020 WL 4586904, at *16 (S.D.N.Y. Aug. 10, 2020).